MASON SHOE MANUFACTURING COMPANY, Plaintiff-Respondent-Petitioner,

v.

FIRSTAR BANK EAU CLAIRE, NA, as Trustee of the Victor T. Mason Revocable Trust Dated October 1, 1993, and Bernice Mason, Defendants-Co-Appellants,

Richard MASON and Thomas Mason, Defendants-Appellants.


Bernice M. MASON, Plaintiff,

Thomas J. MASON and Richard P. Mason, Plaintiffs-Appellants,

v.

John A. LUBS, Jane M. Lubs, William M. Scobie, Rosemary M. Scobie, Robert J. Allen, Paul B. Mason, Jr., David E. Frasch and Mason Shoe Manufacturing Company, Defendants-Respondents-Petitioners.


FIRSTAR BANK EAU CLAIRE NA, Estate of Victor T. Mason and Mason Revocable Grantor Trust, Plaintiffs-Appellants,

v.

MASON SHOE MANUFACTURING COMPANY, John A. Lubs, Jane M. Lubs, William M. Scobie, Rosemary M. Scobie, Paul B. Mason, Jr. and David E. Frasch, Defendants-Respondents-Petitioners.


244

Supreme Court

*No. 97–2053. Filed June 29, 1999.*

(Also reported in 596 N.W.2d 373.)

For the defendants-respondents-petitioners & plaintiff-respondent-petitioner there was a brief by *Daniel W. Hildebrand* and *DeWitt, Ross & Stevens, S.C.*, Madison; *Steven R. Cray* and *Wiley, Wahl, Colbert, Norseng, Cray & Herrell, S.C.*, Chippewa Falls; *Eric J. Magnuson, William P. Wassweiler* and *Rider, Bennett, Egan & Arundel, L.L.P.*, Minneapolis, MN.

245

For the defendants-appellants & plaintiffs-appellants there was a brief by *Richard W. Pitzner, Stephen L. Morgan* and *Murphy & Desmond, S.C.*, Madison.

For the defendants-co-appellants & plaintiff-appellants there were briefs by *C. Vernon Howard, James F. Gebhart* and *Stroud, Stroud, Willink, Thompson & Howard,* Madison.

¶ 1. PER CURIAM. On May 18, 1998 this court granted a petition for review of a published court of appeals' decision, *see Mason Shoe Mfg. Co. v. Firstar Bank Eau Claire*, 217 Wis. 2d 715, 579 N.W.2d 789 (Ct. App. 1998), filed on behalf of Mason Shoe Manufacturing Company. The parties have filed a joint stipulation for dismissal and vacatur informing the court that they have reached an agreement disposing of all of the issues which were raised or might have been raised in the litigation. The parties ask this court to vacate the decisions of the court of appeals and the circuit court and remand the cases to the circuit court for entry of a judgment dismissing the cases with prejudice. The court concludes that, in this particular case, it is appropriate to honor the parties' request.

*By the Court.*—The decisions of the court of appeals and the circuit court are summarily vacated.

¶ 2. JUSTICE JON P. WILCOX did not participate.

¶ 3. ANN WALSH BRADLEY, J. (*dissenting*). As part of the negotiated settlement agreement, the parties stipulated to request that this court vacate the published court of appeals decision in this case. To my knowledge, this is the first time that the court has acted upon such a request. Because I believe that the

court's action is contrary to public policy, I dissent from that part of the opinion which vacates a published decision of the court of appeals.

¶ 4.  As part of the settlement in their private dispute, the parties have stipulated to request that this court vacate both the circuit court's decision and the published court of appeals' decision. I have no problem vacating the circuit court's decision because the only parties in interest are the parties who signed the stipulation. However, I believe that vacating a published court of appeals' decision in response to a joint motion made as part of a private settlement agreement is contrary to public policy.

¶ 5.  The United States Supreme Court set forth that public policy stating:

> Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). The parties have not shown, because they could not show, that vacating this published court of appeals' decision is in the public interest.

¶ 6.  The court of appeals is primarily an error correcting court. *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997). However, the court of appeals in effect shares in the supreme court's function of law defining and development when the supreme court declines to review court of appeals' decisions. By granting the stipulated motion to vacate the published

decision of the court of appeals, the majority grants private parties the potential power to manipulate the development of law. This is inconsistent with public policy and our responsibility for law development. Accordingly, I respectfully dissent from that part of the court's opinion which vacates a published decision of the court of appeals.

¶ 7.   I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this opinion.