SPENCER ET AL. *v.* PUGH ET AL.

No. 04A360.   Decided November 2, 2004*

JUSTICE STEVENS, Circuit Justice.

In two suits brought in the Federal District Courts of Ohio, plaintiffs allege that Ohio Republicans plan to send hundreds of challengers into predominantly African-American neighborhoods to mount indiscriminate challenges at polling places, which they claim will cause voter intimidation and inordinate delays in voting.

After taking evidence, the District Courts granted partial relief, reasoning that the severe burden that these challengers would place on the rights of voters was not justified by the State's interest in preventing fraud. The courts, however, refused to enjoin the challenge process completely;

---

*Together with No. 04A364, *Summit County Democratic Central and Executive Committee et al.* v. *Heider et al.*, also on application to vacate stay.

instead, and consistently with a memorandum issued by the secretary of state, one court ordered the challengers to stay out of polling places while the other court ordered them to remain in polling places only as witnesses.

While the secretary of state—the official charged with administering the State's election code—did not appeal the District Courts' orders, various Republican voters, who intervened in the District Court proceedings, sought relief from the Court of Appeals for the Sixth Circuit. Over a dissent, the Court of Appeals granted their motions for an emergency stay. *Summit Cty. Democratic Central and Executive Comm.* v. *Blackwell*, 388 F. 3d 547 (2004). With just several hours left before the first voters will make their way to the polls, the plaintiffs have applied to me in my capacity as Circuit Justice to enter an order reinstating the District Courts' injunctions. While I have the power to grant the relief requested, I decline to do so for prudential reasons. Cf. *Socialist Labor Party* v. *Rhodes*, 89 S. Ct. 3, 21 L. Ed. 2d 72 (1968) (Stewart, J., in chambers).

Although the hour is late and time is short, I have reviewed the District Court opinions and the opinions of the Circuit Judges. That reasonable judges can disagree about the issues is clear enough.

The allegations of abuse made by the plaintiffs are undoubtedly serious—the threat of voter intimidation is not new to our electoral system—but on the record before me it is impossible to determine with any certainty the ultimate validity of the plaintiffs' claims.

Practical considerations, such as the difficulty of digesting all of the relevant filings and cases, and the challenge of properly reviewing all of the parties' submissions as a full Court in the limited timeframe available, weigh heavily against granting the extraordinary type of relief requested here. Moreover, I have faith that the elected officials and numerous election volunteers on the ground will carry out

their responsibilities in a way that will enable qualified voters to cast their ballots.

Because of the importance of providing the parties with a prompt decision, I am simply denying the applications to vacate stays without referring them to the full Court.

*It is so ordered.*