**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5005**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

STEPHEN DALE MCCLELLAN,

Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge. (CR-04-74)

---

Submitted: May 11, 2006    Decided: May 25, 2006

---

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellant.  R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The United States appeals the sentence imposed on Stephen Dale McClellan, principally challenging the district court's calculation of McClellan's sentencing range under the Guidelines. For the reasons that follow, we vacate the sentence and remand the case for resentencing.

On August 2, 2004, McClellan was charged along with six others with conspiracy to possess with the intent to distribute in excess of 1.5 kilograms of methamphetamine, 21 U.S.C. §§ 841 and 846. Following a jury trial, McClellan was found guilty of the charged offense. By special verdict, the jury found that the conspiracy involved at least 1.5 kilograms of methamphetamine but that McClellan did not know and could not have reasonably foreseen the involvement of at least 1.5 kilograms of methamphetamine.

In preparation for sentencing, a presentence report (PSR) was prepared. In the PSR, the probation officer calculated a base offense level of 34 based on a determination that the conspiracy involved at least 1.5 kilograms of methamphetamine. A base offense level of 34, coupled with a criminal history category of I, produced a sentencing range under the Guidelines of 151 to 188 months' imprisonment.

At the sentencing hearing on August 31, 2005, the district court determined that, in light of the jury's special verdict finding that McClellan did not know and could not have reasonably

foreseen the involvement of at least 1.5 kilograms of methamphetamine, the court could only sentence McClellan based on the twenty grams of methamphetamine he admitted at trial that he possessed. Based on the court's determination that McClellan was responsible for twenty grams of methamphetamine, the court found that McClellan's offense level was 20, yielding a sentencing range under the Guidelines of 33 to 41 months' imprisonment. The court then sentenced McClellan to thirty-six months' imprisonment. The government noted a timely appeal.

On appeal, the government contends that McClellan's sentence was unreasonable as a matter of law because the district court erred in calculating the sentencing range under the Guidelines. More specifically, the government posits that the court erred as a matter of law when it concluded that it could only sentence McClellan based on the twenty grams of methamphetamine he admitted at trial that he possessed.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the sentencing range prescribed by the Guidelines. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006); United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Post-Booker, when reviewing a sentence, we must "determine whether the sentence is within the statutorily prescribed range and is reasonable."

3

Moreland, 437 F.3d at 433 (citation and internal quotation marks omitted). In imposing a sentence post-Booker, sentencing courts must:

> (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

Green, 436 F.3d at 456 (citation and internal footnote omitted).

Under Green, a sentence imposed within the sentencing range calculated under the Guidelines is "presumptively reasonable." Id. at 457 (citation and internal quotation marks omitted). If the sentence deviates from the sentencing range, we must determine whether, in light of the factors set forth in § 3553(a) and the relevant provisions of the Guidelines, the district court "acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the variance." Moreland, 437 F.3d at 434.

Moreover, a post-Booker sentence may be unreasonable for both procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding. A sentence may be substantively unreasonable if the court relies on an improper factor or rejects

4

policies articulated by Congress or the Sentencing Commission."
Id.

In this case, the district court plainly stated on the record that it was limited to sentencing McClellan based on the twenty grams of methamphetamine he admitted at trial that he possessed. According to the court, to sentence McClellan based on any other amount would violate both Booker and McClellan's Sixth Amendment rights. Unquestionably, the district court's sentencing approach violates the dictates of Moreland, Green, and Hughes, which all require the sentencing court first to calculate the defendant's sentencing range under the Guidelines. By failing to take the imperative initial step of calculating McClellan's sentence under the Guidelines, using all methamphetamine amounts properly attributable to McClellan under the Guidelines, the court erred as a matter of law.* This error of law rendered the sentence imposed

---

*Indeed, we have noted that, in sentencing a defendant post-Booker, a sentencing court should apply a preponderance of the evidence standard, taking into account that the resulting sentencing range under the Guidelines is advisory only:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application. As a practical matter, then, [a defendant's] sentence[] would be determined in the same way if [he was] sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system.

5

unreasonable. <u>Cf.</u> <u>Green</u>, 436 F.3d at 460 ("Because Green's sentence was imposed as the result of an incorrect application of § 4B1.1 of the Sentencing Guidelines, we vacate the sentence as unreasonable and remand the case for further sentencing, consistent with this opinion.").

Accordingly, we vacate McClellan's sentence and remand for resentencing in compliance with <u>Booker</u> and its progeny. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

<u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (citation and internal quotation marks omitted).