RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0015p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

EFFIE STEWART, et al.,

    *Plaintiffs-Appellants,*

      *v.*

J. KENNETH BLACKWELL, et al.,

    *Defendants-Appellees.*

No. 05-3044

———————

Filed: January 12, 2007

———————

## ORDER

———————

The plaintiffs, having agreed with the defendants before en banc review that this appeal has become moot, request that this Court vacate the district court's judgment and remand with instructions to dismiss.

"When a civil case becomes moot pending appellate adjudication, 'the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Coalition for Gov't Procurement v. Federal Prison Indus., Inc.*, 365 F.3d 435, 484 (6th Cir. 2004) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). This practice is not applicable in all cases: "Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or . . . the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 71-72 (1997) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). In other words, vacatur is generally appropriate to avoid entrenching a decision rendered unreviewable through no fault of the losing party.

Though some of the County defendants suggest that the plaintiffs themselves were responsible for rendering this case moot by conceding mootness in their letter of November 30, 2006, the State correctly recognizes that it "caused the mootness by abandoning the election machines that Plaintiffs attacked." The State contends, however, that the changes that led to the case's mootness stemmed inexorably from commitments made before the decision of the district court, and in response not to the litigation itself in an effort to evade an adverse judgment, but in response to policy concerns and changes in federal law. Whatever the truth of these contentions, they in no way render the plaintiffs responsible for the current posture of the case. Nor does the contention of several defendants that plaintiffs should have conceded mootness at an earlier stage of the proceedings compel the conclusion that, by acting inequitably, the plaintiffs cannot now seek the equitable remedy of vacatur. Although the overall costs of this litigation would have been reduced, the plaintiffs were under no obligation to accept the defendants' assurances that mootness was inevitable.

1

Accordingly, the judgment of the district court is vacated, and the case is remanded with instructions to dismiss as moot.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk