Vacated by Supreme Court, October 6, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5101**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

STEPHEN DALE MCCLELLAN,

Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:04-cr-00074-5)

---

Submitted:  November 28, 2007      Decided:  December 10, 2007

---

Before WILLIAMS, Chief Judge, and WILKINS and HAMILTON, Senior Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellant.  R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court a second time after a remand to the district court for the resentencing of Stephen Dale McClellan. The United States appeals the amended judgment imposing a sentence of thirty-six months' imprisonment, challenging the district court's calculation of McClellan's sentencing range under the Sentencing Guidelines. For the reasons that follow, we vacate the district court's amended judgment and remand the case for resentencing in accordance with the district court's alternative amended judgment.

On August 2, 2004, McClellan was charged along with six others with conspiracy to possess with the intent to distribute in excess of 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (West 1999 & Supp. 2007). Following a jury trial, McClellan was found guilty of the charged offense. By special verdict, the jury found that the conspiracy involved at least 1.5 kilograms of methamphetamine. The jury further found that McClellan did not know and could not have reasonably foreseen the involvement of at least 1.5 kilograms of methamphetamine.

At the original sentencing hearing, the district court determined that it could only sentence McClellan based on the twenty grams of methamphetamine he admitted at trial, in light of the jury's special verdict findings. On this basis, the district court found that McClellan's offense level was 20, yielding a

sentencing range under the Guidelines of thirty-three to forty-one months' imprisonment. McClellan was sentenced to thirty-six months' imprisonment. The Government appealed.

We vacated McClellan's sentence and remanded the case for resentencing because, "[b]y failing to take the imperative initial step of calculating McClellan's sentence under the Guidelines, using all methamphetamine amounts properly attributable to McClellan under the Guidelines, the court erred as a matter of law." United States v. McClellan, 182 F. App'x 224 (4th Cir. 2006) (unpublished).

On remand, the district court again stated its belief that it could apply the advisory guidelines only using the drug quantity McClellan admitted at trial. On that basis, the district court entered an "Amended Judgment" imposing the original thirty-six month sentence. In addition, in recognition of our mandate on remand, the district court examined the record and found that McClellan "knew, understood and foresaw the involvement of the conspiracy in the amount of at least 500 grams." That finding supported an offense level of 32. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2004). With a criminal history category of I, McClellan's guidelines sentence range was 121-151 months' imprisonment. The district court, "having considered the factors noted in 18 U.S.C. § 3553(a)," ordered a sentence of 121 months' imprisonment in the "Alternative Amended Judgment".

In imposing a sentence following the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 261-62 (2005), a district court must (1) properly calculate the sentencing guidelines range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to drug quantity by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

On remand, we instructed the district court to make the appropriate findings regarding drug quantity in applying the advisory guidelines. The district court's failure to do so, as reflected in the amended judgment, again violated the dictates of Moreland and Green. Accordingly, we vacate the amended judgment and remand for resentencing in accordance with the district court's alternative amended judgment.

- 4 -

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>