**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5101**

UNITED STATES OF AMERICA,

            Plaintiff - Appellant,

        v.

STEPHEN DALE MCCLELLAN,

            Defendant - Appellee.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-1154)

Submitted:  January 29, 2009        Decided:  April 3, 2009

Before WILLIAMS, Chief Judge, MICHAEL, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Gretchen C. F. Shappert, United States Attorney, Charlotte,
North Carolina; Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellant.  R. Deke Falls,
BARNETT & FALLS, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Dale McClellan was found guilty by a jury of conspiracy to possess with the intent to distribute in excess of 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2006). The jury further found, however, that McClellan did not know and could not have reasonably foreseen the involvement of at least 1.5 kilograms of methamphetamine. At the original sentencing hearing, the district court determined that it could only sentence McClellan based on the twenty grams of methamphetamine he admitted at trial, in light of the jury's special verdict finding. On this basis, the district court found that McClellan's offense level was 20, yielding a sentencing range under the advisory Sentencing Guidelines of thirty-three to forty-one months of imprisonment. McClellan was sentenced to thirty-six months of imprisonment.

On appeal, we vacated McClellan's sentence and remanded the case for resentencing because we found that the district court erred as a matter of law by failing to take the imperative initial step of calculating McClellan's sentence under the advisory Sentencing Guidelines, using all methamphetamine amounts properly attributable to him. See United States v. McClellan, 182 F. App'x 224, 226-27 (4th Cir. 2006) ("McClellan I").

On remand, the district court again stated its belief that it could apply the advisory Guidelines using only the drug quantity McClellan admitted at trial. On that basis, the district court entered an "Amended Judgment" imposing the original thirty-six-month sentence. In addition, in recognition of our mandate on remand, the district court examined the record and found that McClellan knew, understood, and foresaw the involvement of the conspiracy of at least 500 grams of the drug, that such a finding supported an offense level of 32, and, that with his criminal history category of I, McClellan's sentencing range was 121-151 months of imprisonment. The district court, after considering 18 U.S.C. § 3553(a) (2006), ordered a sentence of 121 months of imprisonment as memorialized in an "Alternative Amended Judgment."

On appeal, we vacated and remanded again, noting that a district court imposing a sentence after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 261-62 (2005), must: (1) properly calculate the Sentencing Guidelines range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. We instructed the district court on remand to make the appropriate findings regarding drug quantity in applying the advisory

3

Guidelines.  See United States v. McClellan, 257 F. App'x 654, 656  (4th Cir. 2007) ("McClellan II"), vacated, 129 S. Ct. 33 (2008) (No. 07-1154).

The Supreme Court, however, granted a petition for writ of certiorari, vacated our judgment in McClellan II, and remanded the case to this court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007).  We note that Gall issued on the same day as our opinion in McClellan II.  Thus, the district court did not have the benefit of Gall when it resentenced McClellan.

In Booker the Supreme Court invalidated both 18 U.S.C. § 3553(b)(1) (2006), which made the Sentencing Guidelines mandatory, and 18 U.S.C. § 3742(e) (2006), which required appellate courts to conduct a de novo review of departures from the Guidelines. 543 U.S. at 260-62.  As a result of Booker, the Guidelines are now advisory, and appellate courts are limited to reviewing sentencing decisions to determine whether such sentences are "reasonable."  Gall, 128 S. Ct. at 594.  As the Supreme Court has made clear, the "appellate 'reasonableness' review" required by Booker "merely asks whether the trial court abused its discretion."  Rita v. United States, 127 S. Ct. 2456, 2465 (2007).  Further "appellate review of the reasonableness of a sentence focuses on whether the sentencing court abused its

discretion in imposing the chosen sentence." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

As we noted in Pauley, the Gall opinion instructed that a sentencing court should first calculate the applicable Guidelines range. Id. This starting point furthers Congress' desire for efficient administration and consistency in sentencing. After calculating the Sentencing Guidelines range, the court must give each party an opportunity to argue for whatever sentence they deem appropriate. Id.; see Kimbrough v. United States, 128 S. Ct. 558, 569 (2007). The sentencing court must then consider all of the § 3553(a) factors to determine if they support the sentence requested by either party. In so doing, the district court may not presume the Guidelines range is reasonable. Pauley, 511 F.3d at 473; see Gall, 128 S. Ct. at 596. If the sentencing court decides to sentence a defendant outside the Guidelines sentencing range, it must consider the extent of the deviation to ensure that the justification is sufficiently compelling to support the degree of variance. Pauley, 511 F.3d at 473. As noted by the Gall Court, a major departure should be supported by a more significant justification than a minor one. Gall, 128 S. Ct. at 596; Pauley, 511 F.3d at 473.

Accordingly, we vacate and remand McClellan's sentence for resentencing in light of the Supreme Court's opinion in

<u>Gall</u>, and this court's opinions applying <u>Gall</u> and related authority. <u>See, e.g.</u>, <u>Pauley</u>, 511 F.3d at 473-76. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>