NOT FOR PUBLICATION

FILED

APR 06 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   WW-11-1362-HKiJu |
| ) | |
| TONI MARIE GRIFFIN, ) | Bk. No.   11-13327 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| PETER H. ARKISON, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| TONIE MARIE GRIFFIN; US BANK ) | |
| NATIONAL ASSOCIATION, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on March 23, 2012
at Seattle, Washington

Filed – April 6, 2012

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Karen A. Overstreet, Bankruptcy Judge, Presiding

Appearances:     Tuella O. Sykes, Esq. argued for Appellant Peter H. Arkison, Chapter 7 Trustee.  Joshua Schaer, Esq. of Routh Crabtree Olsen, P.S. argued for Appellee U.S. Bank National Association.

Before: HOLLOWELL, KIRSCHER and JURY, Bankruptcy Judges.

_____

    [1]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Peter H. Arkison, the chapter 7[2] trustee (Trustee), appeals the bankruptcy court's order granting U.S. Bank National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc. Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-3 (U.S. Bank) relief from the automatic stay under § 362(d).  We AFFIRM.

## I.  FACTUAL BACKGROUND

In January 2006, the Debtor executed a $220,000 promissory note in favor of CTX Mortgage Company, LLC (the Note).  The Note contains an endorsement in blank by CTX Mortgage Company, LLC. The Note was secured by a deed of trust (Deed of Trust) on the Debtor's real property in Everett, Washington (the Property). The Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender, its successors, and assigns.  The Deed of Trust was recorded on January 27, 2006.

On March 24, 2011, the Debtor filed a voluntary chapter 7 bankruptcy petition.  Not long after, on May 23, 2011, U.S. Bank filed a motion for relief from the automatic stay in order to proceed with its statutory remedies under the Note and Deed of Trust (Stay Relief Motion).

U.S. Bank alleged that the amount due under the Note was $232,061.94.  Based on the Debtor's own valuation of the Property in her bankruptcy schedules at $200,000, U.S. Bank asserted that

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

there was no equity in the Property and the Property was not necessary to an effective reorganization.

U.S. Bank supported its Stay Relief Motion with a declaration from a supervisor at JP Morgan Chase Bank, N.A. (JP Morgan), the servicer of the Note, personally familiar with the loan records of U.S. Bank (the Declaration). The Declaration stated that the Note was endorsed in blank and that U.S. Bank "is now the Holder of the Original Promissory Note as that term is defined by the Uniform Commercial Code." Additionally, a "true and correct copy of the indorsed Promissory Note [was] attached as Exhibit A." The copy of the attached Note included in U.S. Bank's Exhibit A had a small stamp on the top, stating: "We hereby certify that this is a true & correct copy of the original. CTX Mortgage Company, LLC" with someone's initials handwritten over the stamp. Also included with the Declaration was a copy of the Deed of Trust.

The Trustee filed an objection to the Stay Relief Motion. The Trustee was concerned that the original Note was not attached to the declaration. His objection reads:

> If U.S. Bank has the original Note, why was it not attached to the Declaration?
>
> If it does not have the original Note, why does the Declaration say that it has it?
>
> If it does not have the original Note, who does?
>
> If it does not have the original Note, how does it have standing to bring the [Stay Relief] Motion.

The Trustee also took issue with the Declaration, stating that it was generic and provided no information about what records were reviewed, how the so-called "creditor" came into

-3-

possession of the Note, and, even, who the reference to the "creditor" was. The Debtor did not object to the Stay Relief Motion.

A hearing was held on the Stay Relief Motion on June 22, 2011 (Stay Relief Hearing). At the Stay Relief Hearing, the Trustee again asserted his concern that U.S. Bank did not provide the original Note.

The bankruptcy court reviewed the evidence and documentation presented with the Stay Relief Motion and found that U.S. Bank was entitled to relief from stay. In doing so, the bankruptcy court noted that original notes were not required to be filed with the bankruptcy court. The bankruptcy court entered its order granting relief from the automatic stay under §362(d) on June 23, 2011. The Trustee timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion when it granted U.S. Bank relief from the automatic stay?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (en banc); Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 104 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it bases a decision on an

incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

We review de novo whether a party has standing.  Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011).  De novo review requires that we consider the matter anew, as if it had not been heard before, and as if no decision had been rendered previously.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

## V.  DISCUSSION

### A.  Standing

The Trustee argues that U.S. Bank lacks standing to file the Stay Relief Motion because "U.S. Bank did not provide any supporting documentation to prove that they were the actual holder of the [N]ote," entitled to enforce it.  The crux of the Trustee's argument, only alluded to in his appellate brief, and more fully honed at the appellate oral argument, is that U.S. Bank merely provided a copy of a copy of the original Note, which he argues was not enough to demonstrate its status as a holder of the Note.[3]  For the reasons presented below, we

---

[3] At the Stay Relief Hearing, the Trustee asserted that: "I think this language [the stamped certification] says that whatever this document is, which has been copied and copied and (continued...)

conclude that U.S. Bank, even if it attached a copy of a copy of the original Note, established its standing to file the Stay Relief Motion.

In deciding whether to grant relief from the automatic stay, a bankruptcy court is generally called upon to decide a limited set of issues: the adequacy of protection for the creditor, the debtor's equity in the property and the property's necessity to an effective reorganization. In re Veal, 450 B.R. at 914 citing Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (overruled on other grounds by Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007)); Biggs v. Stovin (In re Luz Int'l, Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998) (hearing on motions for relief from stay are intended to be summary proceedings). The bankruptcy court's decision to lift the stay is merely a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere. See,

---

[3](...continued)
copied, is not the original note." The bankruptcy court replied: "It isn't the original note. It's clearly not the original note. It's a copy of – it should be a copy of the original note." Hr'g Tr. (June 22, 2011) at 5:17-24. Consequently, it appears the issue of whether a copy of a copy of an original note satisfied U.S. Bank's burden of proof on standing was not clearly presented to the bankruptcy court.

Arguably, the issue was also not clearly presented to this Panel in the Trustee's opening brief. There, the Trustee argued: "the certification stating that the Note is a true and correct copy of the original is signed by someone at CTX Mortgage." However, at oral argument, the Trustee's counsel articulated his argument. He conceded that a copy of an original note is sufficient to show possession, but that here, "this is a copy of a copy" and was, therefore, insufficient to establish that U.S. Bank held the original Note.

-6-

e.g., Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31-2 (1st Cir. 1994). Therefore, a moving party need only present a colorable claim to the property at issue. In re Edwards, 454 B.R. at 105; In re Veal, 450 B.R. at 914-15.

Nevertheless, standing is a threshold matter of jurisdiction. In re Edwards, 454 B.R. at 104; In re Jacobson, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009). The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975); In re Veal, 450 B.R. at 906. Prudential standing is at issue in this appeal.[4] Prudential standing requires the plaintiff to assert its own claims rather than the claims of another. Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004).

Motions for relief from stay are contested matters under Rule 9014. Rule 9014(c) makes Civil Rule 17(a)(1) (incorporated by Rule 7017) applicable to contested matters. In turn, Civil Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Thus, to satisfy the requirements of prudential standing and Civil Rule 17(a)(1), "the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." 6A Wright, Miller, Kane & Marcus, Fed. Prac. & Proc., Civ. ¶ 1543

---

[4] Constitutional standing is satisfied because U.S. Bank established the minimum requirement of injury in fact, causation and redressability. The automatic stay's prohibition on U.S. Bank's right to exercise its alleged remedies could be redressed by obtaining relief from stay. See In re Veal, 450 B.R. at 906.

-7-

(3d ed. 2011); In re Veal, 450 B.R. at 908. A party without the legal right to enforce an obligation under substantive law is not a real party in interest. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); In re Jacobson, 402 B.R. at 367.

Because the Note is a negotiable instrument, its enforcement is governed by Article 3 of Washington's version of the Uniform Commercial Code, WASH. REV. CODE (RCW) Title 62A.[5] Under Washington law, a note may be enforced by:

| (I) | the holder of the instrument; |
| (ii) | a nonholder in possession of the instrument who has the rights of the holder, or |
| (iii) | a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 62A.3-309 or 62A.3-418(d). |

RCW 62A.3-301; Pequignot v. Deutsche Bank Nat'l Trust Co. (In re Pequignot), 2010 WL 3605326 *3 (W.D. Wash. Sept. 10, 2010).

To qualify as a holder of the instrument, one must be in possession of the instrument that is either properly endorsed or payable to the person in possession of it.[6] RCW 62A.1-201(20),

---

[5] For the purpose of determining who is entitled to enforce a note, "the forum state's choice of law rules determine which state's substantive law applies." In re Veal, 450 B.R. at 921 n.41. Washington's choice of law statute provides that in the absence of an agreement stating which law governs, Washington's version of the Uniform Commercial Code applies to transactions bearing a "reasonable relation" to the state. See RCW 62A.1-105. Because the Note provided no specific governing law and the Debtor resides in Washington, Washington state governs the analysis.

[6] Under RCW 62A.1-201(20), a "holder," means the person in possession of a negotiable instrument that is payable either to
(continued...)

62A.1-201(5), RCW 62A.3-205(b).  Accordingly, in order to be entitled to enforce the Note, U.S. Bank had the burden of proving that (1) it had possession of the Note; and (2) the Note was validly endorsed.  See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (the movant bears the burden of showing that he has standing for each type of relief sought); Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.), 290 B.R. 718, 726 (9th Cir. BAP 2002) (same).

An endorsement is a signature made on an instrument for the purpose of negotiating the instrument.  RCW 62A.3-204(a).  An endorsement in blank is an endorsement that is not payable to an identified person.  RCW 62A.3-205.  Thus, an instrument endorsed in blank becomes payable to bearer and any person who possesses the instrument becomes its holder.  RCW 62A.3-205(b)[7]; In re Pequignot, 2010 WL 3605326 at *3.

U.S. Bank provided a copy of the Note demonstrating that the Note was endorsed in blank.  The Declaration stated the same. The Trustee does not challenge the validity of the Note's endorsement.  He only challenges whether U.S. Bank was actually

[6](...continued)
bearer or to an identified person that is the person in possession.
    RCW 62A.1-201(5): "Bearer" means the person in possession of an instrument, document of title, or certificated security payable to bearer or indorsed in blank.

[7] RCW 62A.3-205(b) provides: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.'  When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

in possession of the Note because it did not provide the original Note, or a copy of the original Note, but a copy of a copy of the original Note, with its Stay Relief Motion.

U.S. Bank submitted the Declaration to prove that it held the Note. A supervisor at JP Morgan, with knowledge of the maintenance of U.S. Bank's business and loan records, stated that U.S Bank "is now the Holder of the Original Promissory Note as that term is defined by the Uniform Commercial Code. . . . A true and correct copy of the indorsed Promissory Note is attached as Exhibit A."

At the Stay Relief Hearing, the bankruptcy court noted the language of the Declaration and asked the Trustee, "what more do you think he needs to put in the declaration? The promissory note is attached." Hr'g Tr. (June 22, 2011) at 4:22-23. The Trustee responded:

> I don't see that it's saying this is the original note. This is a copy of the original note.

THE COURT: I always get copies of the original notes. [The creditor] cannot file the original note with the Court.

THE TRUSTEE: I understand. But what I'm saying is, is there – where, in fact, is the original note?

Hr'g Tr. (June 22, 2011) at 5:12-18.

The Trustee has not made any legal or evidentiary argument as to why a copy (or even a copy of a copy) of the original Note should not have been allowed to support U.S. Bank's Stay Relief Motion. The Trustee also presents no evidence or argument that another entity could possess the Note or that U.S. Bank does not hold the Note. Nor does he challenge the contents of the Note,

such as whether the endorsement was proper. He argues only that the original Note must be provided to prove U.S. Bank's possession.

However, the policy underlying the requirement of producing original documents is "to secure accurate information from the contents of material writings." Kenneth S. Broun, 2 MCCORMICK ON EVIDENCE § 236 (6th ed. 2009). Copying and producing a duplicate of the original is sufficient to fulfil that policy. Id. Thus, the general substitution of duplicates for originals is allowed "unless there is a good reason to require the original." Id.

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Because the Trustee is not arguing that the original Note is required to prove any inaccuracies of content, only that it is required to show who owns it, he has not presented a genuine question as to the Note's authenticity such that the original would be required. Put another way, the fact of possession is not demonstrated by the content of the writings in the original Note. The fact of possession, here, was established by the Declaration's statement that U.S. Bank holds the Note. See, e.g., Theros v. First Am. Title Ins. Co., 2011 WL 462564 *2 (W.D. Wash. Feb. 3, 2011). Beyond simply asserting that the Declaration was generic, the Trustee offered no legal argument as to why the Declaration could not be relied on to support U.S. Bank's claim that it possessed the Note.

The bankruptcy court determined that the Declaration and copy of the Note provided an adequate verification that U.S. Bank possessed the Note, which was endorsed in blank. Id.; In re Pequignot, 2010 WL 3605326 at *3. Therefore, it determined that U.S. Bank established, for purposes of stay relief, that it was a holder of the Note, entitled to prosecute its Stay Relief Motion. We perceive no error in that determination.

**B.    Stay Relief**

Stay relief may be granted "for cause," including the lack of adequate protection of an interest in property or, with respect to property, if: (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1) and (2).

As provided in § 362(g), the party opposing relief from the stay has the burden of proof on all issues other than the debtor's equity in a property. Thus, once a movant establishes that there is no equity in a property, it is the burden of the party opposing the motion to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g); Jordan v. Kroneberger (In re Jordan), 392 B.R. 428, 450 n.40 (Bankr. D. Idaho 2008).

Equity, for purposes of § 362(d)(2)(A), is the difference between the value of the property and all the encumbrances on it. Sun Valley Newspapers, Inc. v. Sun World Corp. (In re Sun Valley Newspapers, Inc.), 171 B.R. 71, 75 (9th Cir. BAP 1994) (citing Stewart v. Gurley, 745 F.2d 1194, 1196 (9th Cir. 1984)).

The Debtor listed the Property as having a value of $200,000 with two secured claims against it totaling over $240,000. The

Trustee has not contested the value of the Property, and therefore, concedes there is no equity in the Property. Furthermore, since the case is a chapter 7 bankruptcy, there is no contention that the Property is necessary for an effective reorganization.

As the bankruptcy court found, "the creditor is owed $232,000 against an undisputed value of $200,000, so there is no equity." Hr'g Tr. (June 22, 2011) at 7:19-21. The bankruptcy court's findings supporting stay relief were not illogical, implausible, or unsupported by the record. Accordingly, we conclude that the bankruptcy court did not abuse its discretion in granting U.S. Bank relief from the automatic stay.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the bankruptcy court's order granting U.S. Bank relief from the automatic stay.