NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0851n.06

No. 12-4264

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 27, 2013
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1, et al., | ) |
| | ) |
| Plaintiffs-Appellees, | ) |
| | ) |
| v. | ) |
| | ) |
| JON HUSTED, | ) |
| | ) **O R D E R** |
| Defendant-Appellant, | ) |
| | ) |
| STATE OF OHIO, | ) |
| | ) |
| Intervenor Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY M. BURKE, et al. | ) |
| | ) |
| Defendants. | ) |

Before: GIBBONS and COOK, Circuit Judges; ROSENTHAL, District Judge[*]

Plaintiffs-Appellees, various unions, move to dismiss this appeal as moot and vacate this court's precedential order of October 31, 2012, which granted Ohio an emergency stay of injunctive relief ordered by the district court two weeks before the November 2012 elections. *Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341 (6th Cir. 2012) (per curiam) (stay order). Though not disputing the mootness of the appeal, Ohio and the Secretary of State opposes vacatur of our stay

_____

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

order. For the following reasons, we DISMISS this appeal as MOOT and DENY SEIU's request for vacatur.

The parties agree that Ohio has completed and certified all of the November 2012 election results, and no election contests remain. Because this appeal concerns a preliminary injunction affecting those elections, and because that injunction has now expired by its own terms, we dismiss the appeal as moot. *See, e.g.*, *McIntyre v. Levy*, No. 06-5989, 2007 WL 7007938, at *1 (6th Cir. Aug. 1, 2007); *Congregation Lubavitch v. City of Cincinnati*, 941 F.2d 1209 (6th Cir. Aug. 16, 1991) (per curiam) (unpublished table decision). That leaves SEIU's opposition to our stay order and request for vacatur.

When a case "becomes moot pending appe[al]," we have recognized that "'the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484 85 (6th Cir. 2004) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). That said, the equitable relief of vacatur "is not applicable in all cases," but "is generally appropriate to avoid entrenching a decision rendered unreviewable through no fault of the losing party." *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007). And, in the case of interlocutory appeals where the underlying order becomes moot, a number of courts have adopted a contrary "usual practice": that of dismissing the appeal *without* vacating the order appealed from. *See, e.g.*, *McLane v. Mercedes-Benz of N. Am., Inc.*, 3 F.3d 522, 524 n.6 (1st Cir. 1993); *In re Tax Refund Litig.*, 915 F.2d 58, 59 (2d Cir.1990); *Marilyn T., Inc. v. Evans*, 803 F.2d 1383, 1385 (5th Cir.1986); *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 202 (7th Cir.1984); *Gaylord Broad. Co. v. Cosmos Broad.*

*Corp.*, 746 F.2d 251, 254 (5th Cir.1984); *see also* 13C *Charles Alan Wright, et al.*, *Federal Practice & Procedure Jurisdiction* § 3533.10.3 (3d ed.) (explaining that, in the case of "injunction orders that have expired or become moot, if the case remains alive in the district court, it is sufficient to dismiss the appeal without directing that the injunction order be vacated"). We find these cases instructive here, where both the underlying injunction and (necessarily) our stay order became moot upon the completion of the November 2012 election.

Resisting this, SEIU argues that vacatur "is necessary to prevent Plaintiffs-Appellees from being denied the opportunity to litigate the merits issues raised by this appeal," and because court rules foreclosed en banc review of the stay order. These arguments do not persuade, however, because no final judgment on the merits results from staying a preliminary injunction on emergency review. And the parties could seek a merits ruling from the district court on any pending claims. *See, e.g.*, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (explaining that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits"); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (same). Furthermore, SEIU suffered no prejudice by the unavailability of discretionary, en banc review because appellees could have requested emergency review of our unfavorable decision from the Supreme Court. *See, e.g.*, *Brunner v. Ohio Republican Party*, 555 U.S. 5 (2008) (per curiam); *Spencer v. Pugh*, 543 U.S. 1301, 1301 03 (2004) (Stevens, Circuit Justice). Our stay order continues to serve a jurisprudential purpose in providing guidance on injunctive relief as it concerns last-second changes to election procedures, justifying our denial of vacatur here.

No. 12-4264
*SEIU, Local 1, et al. v. Husted, et al.*

We DISMISS the appeal as MOOT and DENY SEIU's request for vacatur.


ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt. Clerk