# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 28th day of May, 2020.*

Present: All the Justices

Board of Supervisors of Fairfax County,                                                              Appellant,

 against                              Record No. 191128
                                     Circuit Court No. CL-2018-1836

Blake D. Ratcliff, et al.,                                                                        Appellees.

Upon an appeal from the judgment rendered by the Circuit Court of Fairfax County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that this appeal should be dismissed as moot and the judgment below vacated.

This case involves a dispute over the interpretation of a Fairfax County zoning ordinance. The Ratcliffs owned a home in Fairfax County, which they made available as a short-term rental through Airbnb and similar sites. The Board of Zoning Appeals ("BZA") held that short-term rentals were not authorized by county zoning ordinances. On appeal, the Circuit Court of Fairfax County reversed the BZA's decision. The Board of Supervisors of Fairfax County ("Board"), subsequently filed a petition for appeal with this Court.

In January 2020, while the petition for appeal was pending, the Ratcliffs filed a motion to dismiss the appeal as moot because they had sold the home. The Board responded by arguing that if the appeal was moot, this Court should vacate the circuit court's judgment, since the mootness was caused by the unilateral action of the appellee, not the appellant.

This case is clearly moot because there is no live controversy. A question is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *McCarthy Holdings LLC v. Burgher*, 282 Va. 267, 275 (2011) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)); *Garrett v. Smead*, 121 Va. 390, 391 (1917). This Court does not issue advisory opinions on moot questions. *Commonwealth v. Harley*, 256 Va. 216, 219-20 (1998). The Board did not issue any fines or penalties beyond the notice of violation, so the sole controversy in this action was the Ratcliffs' ability to continue to

rent their Falls Church property. Since the Ratcliffs no longer own or use that property as of January 6, 2020, Mot. to Dismiss at 2, they and the County lack a legally cognizable interest in the outcome of this appeal. Furthermore, the ownership of a house is not inherently of a duration too short to allow for full litigation, and there is no evidence that the Ratcliffs or the home's new owners will run afoul of the same zoning rule in Fairfax again, so this case does not fit the capable-of-repetition-yet-evading-review exception. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Therefore, this appeal is moot.

The remaining question is whether this Court should vacate the lower court's judgment. We agree that it should. When a prevailing party voluntarily and unilaterally moots a case, preventing an appellant from obtaining appellate review, vacatur of lower court judgments is generally appropriate. In adopting this rule, we join the majority of federal and state courts to consider this question.[*] The United States Supreme Court has explained, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance . . . ought not in fairness be forced to acquiesce in that ruling." *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994)). Instead, "[t]he equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" *Camreta*, 563 U.S. at 712 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). While vacatur might not be warranted where a case is mooted by the losing party below or by a joint settlement of the parties, mootness created by the prevailing party below triggers different equitable concerns. As the United States Supreme Court has observed, "It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action [that] moot[s] the dispute, and then retain the [benefit of the]

---

[*] *See, e.g.*, *New York City Employees' Retirement System v. Dole Food Co., Inc.*, 969 F.2d 1430, 1433, 1435 (2d Cir. 1992); *Mellen v. Bunting*, 327 F.3d 355, 364-65 (4th Cir. 2003); *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007); *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008); *Peter A. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 146 P.3d 991, 995 (Alaska 2006); *State v. Charlotte Hungerford Hosp.*, 60 A.3d 946, 948 (Conn. 2013); *Tyson Foods, Inc. v. Aetos Corp.*, 818 A.2d 145, 147-48 (Del. 2003). *See also Thanks But No Tank v. Dep't of Envtl. Prot.*, 86 A.3d 1, 4-5 (Me. 2013); *City of Eugene v. State, PERB*, 137 P.3d 1288, 1291 (Or. 2006); *Mason Shoe Mfg. Co. v. Firstar Bank Eau Claire, NA*, 596 N.W.2d 373, 374 (Wis. 1999).

judgment." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997). Accordingly, we dismiss this appeal and order that the judgment of the Circuit Court of Fairfax County be vacated.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Fairfax County.

A Copy,

Teste:

Douglas B. Robelen, Clerk

3