**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARTIN CROWLEY,
　　　　　*Plaintiff-Appellant,*

　　　　v.

STATE OF NEVADA, by and through
The Nevada Secretary of State;
and the CLERK OF CHURCHILL
COUNTY, a subdivision of the State
of Nevada,
　　　　　*Defendants-Appellees.*

No. 10-17887

D.C. No.
3:08-cv-00618-
LRH-VPC

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
February 13, 2012—San Francisco, California

Filed April 26, 2012

Before: Susan P. Graber, Marsha S. Berzon, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

Jeffrey A. Dickerson, Esq., Reno, Nevada, and Martin G. Crowley, Esq. (argued), Fallon, Nevada, for plaintiff-appellant Martin Crowley.

Douglas R. Rands, Esq. (argued), Rands, South & Gardner, Reno, Nevada; Catherine Cortez Masto, Nevada Attorney General, Carson City, Nevada, and C. Wayne Howle (argued), Solicitor General, Carson City, Nevada, for defendants-appellees State of Nevada, by and through the Nevada Secretary of State, and the Clerk of Churchill County, a subdivision of the State of Nevada.

**OPINION**

TALLMAN, Circuit Judge:

Plaintiff-Appellant, Martin Crowley ("Crowley"), appeals the district court's grant of summary judgment in favor of Defendants-Appellees, the State of Nevada, and the Churchill County Clerk. Crowley also appeals the district court's dismissal of two claims for failure to state a claim. In 2006, Crowley ran for Churchill County Justice of the Peace. After he lost the general election, he requested a recount. The recount confirmed the election results. Crowley then sought relief in federal district court, alleging the defendants had violated the Help America Vote Act of 2002 ("HAVA"), Pub. L. No. 107-252, 116 Stat. 1666 (codified at 42 U.S.C. §§ 15301-15545), by failing to conduct the recount in accordance with HAVA's provisions. The district court: (1) granted defendant Churchill County's motion to dismiss the declaratory relief claims, concluding that HAVA does not confer a private right of action for individuals to seek declaratory relief for HAVA violations; and (2) granted defendants' motion for summary judgment on Crowley's 42 U.S.C. § 1983 claims based upon violations of HAVA.

Because HAVA § 301 was not intended to benefit voters and candidates in local elections with respect to recounts, such individuals do not have a private right of action under § 1983. We therefore affirm the district court's judgment.

I

In 2006, plaintiff Martin Crowley was a candidate for Justice of the Peace in Churchill County. After having finished first in the primary election, Crowley lost the general election by twenty-six votes. Crowley requested and was provided a recount.

Crowley was present for the November 21, 2006, recount at which he alleges, several violations of HAVA, 42 U.S.C. § 15301-15545, occurred. The recount confirmed the election results. Crowley's claims center on his allegation that the State of Nevada and Churchill County failed to use the Voter Verified Paper Audit Trail ("VVPAT")[1] for the recount. It is uncontested that the election officials did not use the VVPAT in the recount. Instead they used paper ballots printed from the electronic media removed from each voting machine used in the 2006 election. The VVPATs were, however, removed from the electronic voting machines on the night of the elec-

---

[1]Crowley uses the term "VVPAT" to describe the "permanent paper record" discussed in 42 U.S.C. § 15481(a)(2), which provides as follows:

> Audit capacity
>
> (A) In general.
>
> > The voting system shall produce a record with an audit capacity for such system.
>
> (B) Manual audit capacity.
>
> > (i) The voting system shall produce a *permanent paper record* with a manual audit capacity for such system.
> >
> > (ii) The voting system shall provide the voter with an opportunity to change the ballot or correct any error before the *permanent paper record* is produced.
> >
> > (iii) The paper record produced under subparagraph (A) shall be available as an official record for any recount conducted with respect to any election in which the system is used.

(emphasis added).

The concept of the VVPAT derives from the Mercuri method, which was created by Rebecca Mercuri. *See* Rebecca Mercuri, *A Better Ballot Box?*, *IEEE Spectrum*, Oct. 2002, at 46, 47. Under this method, after the voter has made a selection in all the elections on the ballot, the electronic voting system displays a receipt or paper—the VVPAT—behind a transparent window. *Id.* The voter must validate the choices printed on the VVPAT to cast the ballot. *Id.* The paper is then dropped into a secure ballot box for later tallying. *Id.*; *see also* Rebecca Mercuri, *Facts About Voter Verified Paper Ballots*, NotableSoftware.com (Feb. 23, 2004), http://www.notablesoftware.com/Papers/VVPBFacts.pdf.

tion and remain in storage at the Churchill County Administrative Office. Crowley asserts that failure to use the VVPATs in the recount violates HAVA § 301 because he interprets that statute to require the use of the VVPAT for all recounts. *See* 42 U.S.C. § 15481(a)(2).

Crowley brought suit against the Clerk of Churchill County and the State of Nevada, by and through the Nevada Secretary of State ("defendants"). He alleged six claims for relief: (1) a declaratory judgment that the recount violated HAVA §§ 301 and 303; (2) a 42 U.S.C. § 1983 claim for violations of federal voting rights; (3) another § 1983 claim for violation of due process; (4) another declaratory judgment that an independent overseer be appointed for any future election; (5) a First Amendment violation; and (6) a third declaratory judgment that the Secretary of State for Nevada did not comply with HAVA certification procedures in 2006.

The district court dismissed all of Crowley's declaratory relief claims for failure to state a cognizable private claim because it ruled, under 42 U.S.C. § 15511, that "declaratory relief claims are within the express purview of the United States Attorney General's enforcement," and that HAVA § 301 did not create a private right of action to seek declaratory relief. The district court was unpersuaded by Crowley's reliance on *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004) (per curiam), as the Sixth Circuit did not address HAVA § 301, but HAVA § 302, 42 U.S.C. § 15482(b), "which explicitly refers to the 'right of an individual to cast a provisional ballot.' " Accordingly, the district court specifically limited any action to a 42 U.S.C. § 1983 claim. The district court also dismissed the Clerk of Churchill County from claim six because that claim referenced only the Secretary's action and thus lacked the facts to support allegations against the County.

Subsequently, on cross-motions for summary judgment, the district court granted summary judgment in favor of the

defendants on all remaining claims. The district court first held that the defendants did not violate HAVA § 301 or Nevada Revised Statutes § 293B.400 by using a manual paper audit instead of the VVPAT, because neither statute required the use of the VVPAT in a recount. Second, the court held that Crowley had presented no evidence to support his substantive due process claim that absentee ballots had been destroyed and were not counted. Finally, the district court held that Crowley's First Amendment claim also failed because Crowley provided no evidence that his vote was not counted in the election. Crowley timely appealed.

## II

Before us now is Crowley's appeal, limited to the district court's dismissal of claims one and four for declaratory relief and the grant of summary judgment in favor of defendants on the § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291. Crowley argues that HAVA requires the state election officials to use the VVPAT in a recount and that, by refusing to use the VVPAT, state officials violated Crowley's due process rights. He argues that Nevada Revised Statutes § 293.4685 and Nevada's Fiscal Year 2005-2006 State Plan incorporate HAVA to apply to state elections. Crowley further asserts that the district court erred in ruling that he could not seek declaratory relief for alleged violations of 42 U.S.C. § 15481. Lastly, he argues that the district court erred by holding that he could not assert a private claim for violations of HAVA § 301 in a § 1983 action.

## A

We turn first to Crowley's claim that the district court erred by granting summary judgment in favor of defendants on claims two and three, invoking 42 U.S.C. § 1983 for violations of HAVA § 301.

We review a district court's grant of summary judgment de novo. *See FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). Our review is governed by the same standard used by the trial court under Federal Rules of Civil Procedure 56(c) (2009).[2] We view the evidence in the light most favorable to the nonmoving party, asking whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Trunk v. City of San Diego*, 629 F.3d 1099, 1105 (9th Cir. 2011). When the district court disposes of a case on cross-motions for summary judgment, we may review both the grant of the prevailing party's motion and the corresponding denial of the opponent's motion. *Id.*; *see Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 694 n.2 (9th Cir. 1992). Summary judgment may be affirmed on any ground supported by the record. *See Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009).

1

In the wake of the 2000 presidential election, Congress enacted HAVA. HAVA's purpose as set forth in the preface is:

> To establish a program to provide funds to States to replace punch card voting systems, to establish the Election Assistance Commission to assist in the administration of Federal elections and to otherwise provide assistance with the administration of certain Federal election laws and programs, to establish minimum election administration standards for States and units of local government with responsibility for the administration of Federal elections, and for other purposes.

---

[2]The trial court ruled on summary judgment before the effective date of the 2010 amendments to the Federal Rules of Civil Procedure.

The relevant text of HAVA § 301 provides:

Sec. 301. VOTING SYSTEMS STANDARDS.

(a) REQUIREMENTS.—Each voting system used in an election for Federal office shall meet the following requirements:

(1) IN GENERAL.—

(A) Except as provided in subparagraph (B), the voting system (including any lever voting system, optical scanning voting system, or direct electronic recording system) shall—

> (i) permit the voter to verify (in a private and independent manner) the votes selected by the voter on the ballot before the ballot is cast and counted; . . . .

(2) AUDIT CAPACITY.—

(A) IN GENERAL.—The voting system shall produce a record with an audit capacity for such system.

(B) MANUAL AUDIT CAPACITY.—

> (i) The voting system shall produce a permanent paper record with a manual audit capacity for such system.
>
> (ii) The voting system shall provide the voter with an opportunity to change the ballot or correct any error before the permanent paper record is produced.
>
> (iii) The paper record produced under subparagraph (A) shall be available as an offi-

cial record for any recount conducted with
respect to any election in which the system
is used.

2

Section 1983 provides a cause of action against any person
who, under the color of state law, abridges rights "unambigu-
ously" created by the Constitution or laws of the United
States. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002);
*Maine v. Thiboutot*, 448 U.S. 1, 4-8 (1980); 42 U.S.C. § 1983.
"[Section] 1983 is not itself a source of substantive rights, but
merely provides a method for vindicating federal rights else-
where conferred." *Graham v. Connor*, 490 U.S. 386, 393-94
(1989) (internal quotation marks omitted). Section 1983 can
be used as a mechanism to enforce federal rights guaranteed
by statute only if (1) the statute creates enforceable rights and
(2) Congress has not foreclosed the possibility of a § 1983
remedy for violations of the statute in question. *See Gonzaga
Univ.*, 536 U.S. at 279; *Blessing v. Freestone*, 520 U.S. 329,
340-41 (1997).

To determine whether a federal statute has created rights
enforceable through a § 1983 action, the court considers
whether the statute: (1) is intended to benefit a class of indi-
viduals of which the plaintiff is a member; (2) sets forth a
standard, clarifying the nature of the right, that makes the
right capable of enforcement by the judiciary; and (3) is man-
datory, rather than precatory in nature. *Blessing*, 520 U.S. at
340-41; *Cal. State Foster Parent Ass'n v. Wagner*, 624 F.3d
974, 978-79 (9th Cir. 2010).

**[1]** Crowley fails at step one of this test. Therefore, we
need not and do not ultimately address whether HAVA § 301
could ever be enforced via a § 1983 cause of action brought
to challenge the recount procedures in an election for federal
office. The preeminent purpose of HAVA is to assist states
with the administration and regulation of *federal elections*.

*See ACLU of N.M. v. Santillanes*, 546 F.3d 1313, 1325 (10th Cir. 2008) (rejecting the ACLU's argument that HAVA pre-empted a municipal law governing the conduct only of municipal elections in Albuquerque). *But see* 42 U.S.C. §§ 15301-15306 (providing for financial assistance to the states for elections generally). The explicit text of § 301 further specifies that the voting systems standards apply to systems "used in an election for Federal office." To the extent that § 301 contains certain procedural requirements for recounts, as Crowley asserts it does, any such requirements would not apply here.

**[2]** Crowley did not request a recount of an election for federal office. He contests only the recount method used in an election for county office—albeit one on the same ballot with two elections for federal office. Although HAVA "applies to all elections that include elections to federal offices," *Santillanes* 546 F.3d at 1325, there is no indication that § 301 was intended to benefit a candidate or voter dissatisfied with a recount in a county election for justice of the peace. *Cf. Boatowners & Tenants Ass'n. v. Port of Seattle*, 716 F.2d 669, 673 (9th Cir. 1983) (concluding that the River and Harbor Improvements Act, Pub. L. No. 112-106, 52 Stat. 802 (codified at 33 U.S.C. §§ 540-633), was not enacted to benefit the plaintiff association of pleasure craft owners and therefore was not enforceable by the association via § 1983). Assuming arguendo that § 301 confers a federal right, Crowley is not a member of the class intended to benefit from the enactment of HAVA § 301. Therefore, he cannot enforce violations of HAVA § 301 through a § 1983 cause of action.[3]

---

[3]Crowley argues that the Sixth Circuit's opinion in *Sandusky*, 387 F.3d 565, supports holding that HAVA § 301 confers upon individuals, such as himself, a private federal right enforceable through a § 1983 cause of action. *Sandusky* has no effect on our reasoning, which does not depend on whether there is rights-creating language but on the fact that Crowley, at least, is not an intended beneficiary of the particular statute, because his only concern is with a local election.

### 3

Finally, Crowley argues that HAVA applies to all Nevada elections because it was referenced in Nevada's Fiscal Year 2005-2006 State Plan (the "Plan") and because Nevada Revised Statutes § 293.4685 "makes the provisions of HAVA compulsory upon State Elections." Even assuming that Crowley correctly interprets the state statutes, the right that he asserts is state-created, not federal. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Lovell ex rel. Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *see also Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986) (allowing § 1983 action to proceed on the basis of a state-law claim, but only "where the violation of state law causes the deprivation of rights protected by the Constitution and statutes of the United States" (internal quotation marks and brackets omitted)). Therefore, this state-law argument is unavailing.

### 4

**[3]** In sum, even if HAVA § 301 confers a federal right in a contested federal election, Crowley would not be a member of the class intended to benefit from the right because the recount provision of HAVA § 301 was not intended to benefit voters or candidates in local elections. Therefore, the district court correctly granted summary judgment in favor of defendants on claims two and three.

### B

Because we conclude that the statutory language of HAVA § 301 clearly does not confer private rights on voters or candidates seeking recounts in local elections, Crowley's remaining contentions also fail. He argues that the district court erred by dismissing his first and fourth claims for declaratory relief.

We review de novo a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6). Again, we may affirm on any proper ground. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

**[4]** The district court concluded that HAVA does not create a private right of action at all for declaratory relief, but we need not decide whether Crowley has a private cause of action under HAVA. Assuming that Congress intended to, and did create a private right of action for some litigant,[4] Crowley would not be able to rely on HAVA § 301 to challenge the recount procedures used in an election for county office for the same reasons that he is not an intended beneficiary for § 1983 purposes. *See Cannon v. Univ. of Chi.*, 441 U.S. 677, 692 n.13 (1979) (holding that, for a statute to create an implied private right of action, its text must be "phrased in terms of the persons benefited"); *see also Gonzaga Univ.*, 536 U.S. at 285 ("A court's role in discerning whether personal rights exist in the § 1983 context should . . . not differ from its role in discerning whether personal rights exist in the implied right of action context."). Thus the district court's dismissal of Crowley's claims for declaratory relief is affirmed.

## III

In conclusion, because Crowley contests the recount procedures employed in a county election for justice of the peace, violations of HAVA § 301 cannot provide the basis for his claims.

**AFFIRMED**.

---

[4]We note that case law casts doubt on this assumption. *See Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (per curiam) (vacating a temporary restraining order because "[r]espondents . . . are not sufficiently likely to prevail on the question whether Congress has authorized the District Court to enforce § 303 in an action brought by a private litigant to justify the issuance of a TRO"); *Sandusky*, 387 F.3d at 572 ("HAVA does not itself create a private right of action.").