**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY ALLEN; BROOKE ALLEN, a minor suing through her legal represenative, Tommy Allen, <br><br>         Plaintiffs - Appellants, <br><br>   v. <br><br> COUNTY OF FRESNO; CHRISTIAN CURTICE; JARED WILLIAMSON, <br><br>         Defendants - Appellees. | No. 11-15766 <br><br> D.C. No. 1:06-cv-01469-AWI-SMS <br><br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted July 19, 2012<sup>**</sup>
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.<sup>***</sup>

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***    The Honorable Sarah S. Vance, Chief District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Section 1983 plaintiffs Tommy and Brooke Allen (collectively, "the Allens") appeal the district court's grant of summary judgment in favor of defendant Christian Curtice, deputy sheriff for Fresno County. The Allens argue that Deputy Curtice's decision to arrest them was based on faulty information provided by unreliable student informants and that a genuine issue of material fact exists as to whether Deputy Curtice had probable cause to arrest them. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Allens claim that there is a triable issue as to whether Deputy Curtice had probable cause to arrest them. To establish probable cause, the police "must only show that, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006) (alteration and internal quotation marks omitted). The police do not need to show that probable cause existed to arrest for the crime eventually charged; rather, as long as "the facts known to the arresting officer at the time of the arrest" supported probable cause for any offense, the arrest is proper. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The disputed facts identified by the Allens do not, independently or collectively, create a triable issue of fact as to the existence of probable cause.

The Allens contend that summary judgment was inappropriate because (1) another student, Lomeli, rather than Brooke, supplied two students with marijuana, and (2) Lomeli was in possession of Brooke's backpack when the marijuana was found. Neither school administrator Christopherson nor Deputy Curtice, however, suspected Brooke was involved in criminal activity based on the sale of marijuana to the unidentified students the morning of Brooke's arrest. Instead, during his investigation, Deputy Curtice learned that fellow students Lomeli, Ortiz, and Maxey all accused Brooke of bringing marijuana onto the campus, that these students had seen Brooke with marijuana in her possession, and that Brooke had told at least one of the students that her father wanted her to sell the marijuana.

The Allens also contend that Christopherson's "unusual interview protocol" allowed Lomeli, Ortiz, and Maxey to "confer" before speaking with Deputy Curtice and "reconcile [their] statements." On summary judgment, however, the court need only "view the evidence in light most favorable to the nonmoving party, asking whether there are any genuine issues of material fact," *Crowley v. Nev. ex rel. Nev. Sec'y of State*, 678 F.3d 730, 733 (9th Cir. 2012); it need not assume any possible inference from those facts, *see Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). The court need not credit the Allens' speculation that the

3

students colluded. *See id.* ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Finally, although the Allens have identified certain peculiarities in the students' reports and circumstances that may suggest inconsistencies, these peculiarities and inconsistencies do not constitute "significant probative evidence tending to support" the Allens' allegations sufficient to survive summary judgment. *Gen. Bus. Sys. v. N. Am. Philips Corp.*, 699 F.2d 965, 971 (9th Cir. 1983) (internal quotation marks omitted). Even with these peculiarities and inconsistencies, the reports were sufficient to give Deputy Curtice probable cause to arrest.

AFFIRMED.