**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS NAZARIO, Jr., an individual,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF RIVERSIDE,<br><br>    Defendant - Appellee. | No. 11-55651<br><br>D.C. No. 2:10-cv-01731-VAP-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted March 6, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, Senior District Judge.[**]

Appellant Jose Luis Nazario appeals the district court's decision granting the

Defendant, City of Riverside, summary judgment in this action under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 et seq. In 2007, Nazario, a veteran, was employed by the Riverside Police Department (RPD) as a probationary police officer. When RPD was notified by the U.S. Attorney's office that they intended to arrest, charge, and prosecute Nazario on felony charges related to alleged misconduct during his military service, RPD discharged him. After Nazario was acquitted of all charges, Nazario reapplied to RPD, but his application was denied.

Nazario argues that RPD's decisions to terminate, and subsequently refuse to rehire, him were improperly motivated by alleged misconduct during his military service, which he claims is included within the "performance of service" protected by USERRA. *See* 38 U.S.C. § 4311(a) ("A person who . . . has performed . . . in a uniformed service shall not be denied initial employment [or] reemployment . . . by an employer on the basis of that . . . performance of service . . . ."). The district court held that his alleged misconduct did not qualify as "performance of service" under the statute and therefore granted the Defendant's motion for summary judgment. However, we need not, and do not, reach the question of whether alleged misconduct during uniformed service is protected "performance of service" under 38 U.S.C. § 4311.

An employer violates USERRA when "performance of service" is a motivating factor in an adverse action unless an employer can prove that the adverse action in question would have been taken regardless of the protected status or conduct. 38 U.S.C. § 4311(c)(1).

With respect to the initial termination decision, RPD's deputy chief affirmed that "Nazario was separated from his probationary employment with the City of Riverside Police Department because of his arrest on federal criminal charges and his impending Federal criminal trial" and that he was treated no differently than any probationary police officer would have been under those circumstances. RPD's chief also affirmed that "[t]he sole basis for this decision was the U.S. Attorney's representation of the impending arrest." The deputy chief also declared that in every case where an RPD officer has been arrested for a felony offense, "the officer's employment was terminated, either through involuntary termination or resignation/retirement in lieu of termination." Thus, RPD's evidence establishes that Nazario's employment was terminated, as any officer's employment would have been, because he was arrested and charged with a felony, regardless of the alleged conduct underlying those charges. Nazario did not present any evidence to cast doubt on RPD's assertion that it would terminate any probationary police officer arrested on a felony charge, regardless of the validity or content of that

charge. Therefore, RPD has demonstrated that Nazario would have been terminated regardless of the asserted protected conduct. 38 U.S.C. § 4311(c)(1).

With respect to RPD's decision not to rehire Nazario, RPD provided ample evidence that it would not have rehired Nazario regardless of the alleged misconduct and subsequent arrest. Several RPD witnesses consistently stated that the decision not to rehire Nazario was based exclusively on two factors: (1) an intervening restraining order issued against Nazario after alleged domestic violence against his wife and (2) the department's discovery of numerous improper statements made by Nazario on federal wiretaps. Nazario has not rebutted these statements. Therefore, RPD has established that Nazario would not have been rehired regardless of the asserted protected conduct. 38 U.S.C. § 4311(c)(1).

For the foregoing reasons, we conclude that RPD has demonstrated that there are no genuine issues of fact regarding whether RPD would have taken these adverse actions against Nazario regardless of his alleged misconduct in the service and therefore is entitled to judgment as a matter of law. We affirm the district court's order granting summary judgment to the Defendant, City of Riverside, on that separate ground. *See Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) ("Summary judgment may be affirmed on any ground supported by the record.").

**AFFIRMED.**