**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER O'SHEA; GISELE ROGERS; JEFF ADAMS, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>EPSON AMERICA, INC., a California corporation; EPSON ACCESSORIES, INC., a California corporation; SEIKO EPSON CORPORATION, a Japanese corporation,<br><br>Defendants - Appellees. | No. 11-57105<br><br>D.C. No. 2:09-cv-08063-PSG-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 3, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs appeal the district court's partial summary judgment in favor of Epson America Inc., Epson Accessories, Inc., and Seiko Epson Corporation (collectively, "Epson"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's ruling on a motion for summary judgment. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013). "Summary judgment may be affirmed on any ground supported by the record." *Crowley v. Nev. ex rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012).

Plaintiffs allege that Epson failed to disclose material information about Epson inkjet printers and ink cartridges. On its website, Epson discloses that it tests ink cartridges in accordance with industry standards. The website also discloses detailed information about how Epson calculates its ink cartridge testing metric (ink yield) and states that no single standard duplicates a customer's actual printer usage.

Under California law, a plaintiff alleging fraud by omission must establish actual reliance by demonstrating "that had the omitted information been disclosed, [he or she] would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 858 P.2d 568, 574 (Cal. 1993). Here, Plaintiffs are unable to demonstrate actual reliance because none of the Plaintiffs read Epson's disclosures

.        Because Plaintiffs cannot demonstrate actual reliance, Plaintiffs' omission-based claims fail.

**AFFIRMED**.