**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY COLAGIOVANNI, | No. 15-15782 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:13-cv-01508-APG-GWF |
| CH2M HILL, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,** District Judge.

This is an appeal from a grant of summary judgment in favor of the

employer in plaintiff's suit alleging breach of a Business Conduct Agreement

containing a provision barring retaliation for reporting misconduct.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

The district court ruled on the basis of an Employee Administration Agreement, which provided that plaintiff was an employee at will and therefore could be terminated for any reason. Although we conclude the employer was also bound by the terms of the Business Conduct Agreement, this does not end the analysis. We can affirm summary judgment on the basis of any ground supported by the record. *See Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012).

The issue is whether there is any triable issue of fact concerning whether the plaintiff was terminated for reporting misconduct, rather than on the basis of another, non-retaliatory reason. Under Nevada law, the plaintiff has to show not only the existence of a valid contract, but also a breach by his employer. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013). We conclude there is no triable issue as to whether the employer breached. Even assuming that the more recent actions of plaintiff's co-worker, Kenneth Gilbreth, amounted to misconduct, plaintiff made no report of those actions that could have formed the basis for retaliatory termination. The employer gave a non-retaliative reason for the termination. Summary judgment was appropriate. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996) (affirming summary judgment where employee's evidence was "not sufficiently probative that it would

allow a reasonable factfinder to conclude either that the alleged reason for his discharge was false, or that the true reason for his discharge was a discriminatory one"). We therefore affirm.

**AFFIRMED**.