Charles Francis **VULLIET, Sr.,**
Plaintiff-Appellant,

v.

State of **OREGON; et al.,** Defendants-Appellees.

No. 13-35224

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

---

.* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Charles Francis Vulliet, Sr., Pro Se

Denise Gale Fjordbeck, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants-Appellees

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Charles Francis Vulliet, Sr., appeals pro se from the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action challenging the constitutionality of Oregon's deadline for registering a party affiliation in order to appear on the primary ballot as a major party candidate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Crowley v. Nev. ex rel. Nev. Sec'y of State*, 678 F.3d 730, 733-34 (9th Cir. 2012). We affirm.

■ The district court properly dismissed Vulliet's claims against the State of Oregon as barred by the Eleventh Amendment because the State has not consented to suit. *See Or. Short Line R.R. v. Dep't of Revenue Or.*, 139 F.3d 1259, 1263 (9th Cir. 1998) (setting forth standard of review and holding that the Eleventh Amendment bars suits against a state by its own citizens).

■ Summary judgment was proper on Vulliet's claims that Oregon's party affiliation requirement violates the First and Fourteenth Amendments because Vuillet failed to raise a genuine dispute of material fact as to whether Oregon's 180-day affiliation requirement for major party candidates seriously restricts his political opportunity and furthers important regulatory interests. *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997) (setting forth balancing test for deciding whether a state election law violates First and Fourteenth Amendment speech rights); *Storer v. Brown*, 415 U.S. 724, 736, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974) (upholding a state's one-year disaffiliation requirement for in-dependent-candidate ballot access on the basis of "the State's interest in the stability of its political system").

■ Summary judgment was proper on Vulliet's claim that Oregon Revised Statute § 249.046 violates the Qualifications Clause of the United States Constitution because the statute does not create any additional qualifications for congressional office. *See Storer*, 415 U.S. at 746 n.16, 94 S.Ct. 1274 (rejecting as "wholly without merit" the contention that a ballot-access requirement "purports to establish an additional qualification for office of Representative").

■ The district court properly dismissed for lack of standing Vulliet's challenge to Oregon's election laws as they relate to minor party or unaffiliated candidates because Vulliet did not allege an injury in fact. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 479, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (a plaintiff must have "a specific live grievance against the application of the statutes . . . and not just an abstract disagreement over the constitutionality of such application. . . .") (citations, internal quotation marks, and alternation omitted); *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) (setting forth standard of review and requirements for Article III standing).

■ The district court did not abuse its discretion by denying Vulliet's motion for leave to amend his complaint because amendment would be futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We reject as without merit Vulliet's contention that the district court should have stricken Trout's Declaration.

We do not consider arguments raised in Vulliet's opening brief that were not raised before the district court. *See Solis v. Matheson,* 563 F.3d 425, 437 (9th Cir. 2009) (arguments made for the first time on appeal and not before the district court are waived).

**AFFIRMED.**